FILED '09 JUN 01 14:26 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SANDRA SOUTHWICK,                                      CV. 08-540 TC

            Plaintiff,                       FINDINGS AND RECOMMENDATION

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

            Defendant.


COFFIN, Magistrate Judge:

Plaintiff Sandra Southwick ("Southwick") brings this action pursuant to the Social Security

Act, 42 USC § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social

Security Administration ("Commissioner") denying her claim for disability insurance benefits under

Title II of the Social Security Act, and for Supplemental Security Income ("SSI") benefits under Title

XVI. For the reasons set forth below, the decision of the Commissioner should be affirmed and this

matter should be dismissed.


1  - FINDINGS AND RECOMMENDATION

## PROCEDURAL BACKGROUND

Plaintiff originally alleged disability from November 1991. This onset date was rejected by an ALJ decision of non-disability through April 1995. Tr. 738. Plaintiff reapplied, alleging disability since April 20, 1996, due to disc problems in her back, carpal tunnel syndrome in both hands, hip and neck problems. Tr. 483. Her application was denied initially and upon reconsideration. On August 21, 2002, a hearing was held before an Administrative Law Judge ("ALJ"). In a decision dated August 29, 2002, the ALJ found plaintiff was not entitled to benefits. The Appeals Council vacated the ALJ's decision, and remanded the claim for a new hearing.

On December 8, 2004, a second hearing was held. In a decision dated January 28, 2005, the ALJ found plaintiff was not entitled to benefits. The Appeals Council vacated the ALJ's decision, and remanded the claim for a third hearing, directing the ALJ to recontact Esther Tsou, M.D., and obtain "the specific clinical and laboratory findings supporting her opinions about what the claimant and [sic] still do despite the impairments." Tr. 774. The ALJ contacted Dr. Tsou, however plaintiff interceded and directed that the records not be provided. Tr. 24, 786. The ALJ concluded that the records would be adverse to plaintiff's claim for benefits, and in the absence of new information, the ALJ denied benefits. Tr. 787, 737-748. The Appeals Council denied plaintiff's request for review. Plaintiff now seeks judicial review of the Commissioner's decision.

Plaintiff's alleged onset date is April 20, 1996, and her date last insured is December 31, 1996.

## STANDARDS

A claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be

2 - FINDINGS AND RECOMMENDATION

expected to last for a continuous period of not less than 12 months." 42 USC § 423(d)(1)(A). The initial burden of proof rests upon the claimant to establish his or her disability. *Roberts v. Shalala*, 66 F3d 179, 182 (9th Cir 1995), *cert. denied*, 517 US 1122 (1996). The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F2d 841, 849 (9th Cir 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 USC § 405(g); *see also Andrews v. Shalala*, 53 F3d 1035, 1039 (9th Cir 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews*, 53 F3d at 1039. The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F2d 771, 772 (9th Cir 1986). The Commissioner's decision must be upheld, however, if "the evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F3d at 1039-40.

## ALJ's DECISION

The ALJ found plaintiff has the medically determinable severe impairments of degenerative disc disease, lower back pain, carpal tunnel syndrom, depressive disorder, substance-induced bipolar disorder, anxiety with post-traumatic stress disorder, a personality disorder, and polysubstance abuse in reported remission. This finding is not in dispute.

The ALJ found that plaintiff retains the residual functional capacity to perform a limited range of light exertion work, that she can occasionally lift and carry 20 pounds, and can frequently lift and carry 10 pounds. The ALJ found that plaintiff must be able to sit or stand at will, can occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs. She cannot climb ropes,

ladders, and scaffolds. She cannot perform frequent overhead work or constant fine manipulation, but can perform frequent fine manipulation. Plaintiff should avoid exposure to hazards, vibration, and even moderate exposure to fumes, odors, dust and gases. Plaintiff is capable of simple, 1-2-3 tasks, and brief, routine, structured interactions with co-workers and the public. Tr. 31, 33.

At step four, the ALJ found that plaintiff can perform her past relevant work as a clerical worker. This finding is in dispute.

At step five, the ALJ found that plaintiff is capable of performing other jobs that exist in substantial numbers in the national economy, including security systems monitor, general office clerk, and office helper, and therefore is not disabled. This finding is in dispute.

## DISCUSSION

Plaintiff contends that the ALJ erred by: (1) failing to develop the record; (2) failing to pose an accurate hypothetical question to the vocational expert; and (3) improperly finding that substance abuse was a material contributing factor to plaintiff's disability.

I. The ALJ Properly Developed the Record

It is somewhat astonishing that plaintiff, after preventing the production of medical evidence to the ALJ, now argues that the ALJ failed adequately to develop the record. The ALJ's duty to develop the record is triggered "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari,* 262 F3d 963, 968 (9th Cir 2001), as amended, 276 F3d 453 (9th Cir 2002). Plaintiff does not argue that the evidence was ambiguous or that the record was inadequate.

/ /

/ /

4  - FINDINGS AND RECOMMENDATION

Plaintiff contends that the ALJ's residual functional capacity finding did not properly account for the testimony of John Nance, M.D. Plaintiff contends that there are some differences among the assessments made by other ALJs in previous hearings. However, both the August 2002 ALJ decision and the January 2005 ALJ decisions were vacated by the Appeals Council, and are not at issue here. Tr. 754-56; 773-75.

Dr. Nance testified that plaintiff had moderate limitations in activities of daily living, marked difficulties in social functioning, and moderate difficulties in concentration, persistence, or pace. Tr. 874. Dr. Nance opined that plaintiff's limitations would be less severe and that she would be able to persist throughout the workday, if she was not asked to follow detailed instructions, to maintain attention and concentration for extended periods, to interact with the public, to tolerate supervision or form independent plans, or to work with others as part of a team. Tr. 876-79.

The ALJ's residual functional capacity finding incorporated these limitations, limiting plaintiff to simple, one-two-three step tasks, and brief, routine, structured interaction with co-workers and the public. Tr. 747. The ALJ's interpretation of the evidence is rational and supported by substantial evidence. The Commissioner's decision should be affirmed.

II. The ALJ Posed an Accurate Hypothetical Question to the Vocational Expert

Plaintiff argues that

> "the problem presented by Plaintiff's [moderate] restriction involving
> the inability to complete a normal workday and workweek without
> interruptions from psychologically based symptoms without an un-
> reasonable number and length of rest periods, is a critical element
> in understanding her inability to work."

Plaintiff's Brief, p. 12. Plaintiff cites the August 2002 decision in which the ALJ noted the

//

5 - FINDINGS AND RECOMMENDATION

Vocational Expert's conclusion that although plaintiff was unable to return to her prior office work, she was capable of working as a motel cleaner, at simple bench assembly, and at sedentary assembly, and was therefore not disabled. Tr. 731. The August 2002 ALJ decision does not support plaintiff's assertion that she is unable to complete a workday.

Plaintiff also cites the January 2002 hearing testimony of a different Vocational Expert. However, that expert concluded that plaintiff was capable of returning to office work, with restrictions, as well as other existing jobs. Tr. 856. Again, the record cited by the plaintiff does not support her assertions.

Plaintiff contends that the jobs identified by the Vocational Expert (office helper, surveillance system monitor, and general office) are precluded because they all require close cooperation with others. Every job requires a worker to function to some degree in relation to data, people, and things. The Dictionary of Occupational Titles ("DOT") describes each of the above jobs as requiring a level six ability to function in relation to people. This is nearly the lowest rating possible for interacting with people, on a scale of one to eight in which zero requires mentoring, one negotiating, two instructing, three supervising, four diverting, five persuading, six speaking/signaling, seven serving and eight taking instructions-helping. DOT, Appendix B: Explanation of Data, People, and Things. Speaking/signaling is defined as:

> Talking with and/or signaling people to convey or exchange
> information. Includes giving assignments and/or directions
> to helpers or assistants.

This definition is consistent with Dr. Nance's opinion that plaintiff is limited to "a situation where the interaction was somewhat limited with coworkers, where she wasn't part of a

team or engaged in an activity which involved close cooperation." Tr. 878-79. The ALJ's decision is supported by substantial evidence.

III. The ALJ Did Not Err in Considering Plaintiff's Substance Abuse

The Act provides that an individual "shall not be considered to be disabled...if alcoholism or drug addiction would...be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). Alcoholism or drug addiction is considered "material" when the individual would be found not disabled if the substance abuse ceased. 20 C.F.R. § 404.1535(b)(1).

"[A]n ALJ must first conduct the five-step inquiry without separating out the impact of alcoholism or drug addiction." *Bustamante v. Massanari,* 262 F.3d 949, 955 (9th Cir. 2001). If the ALJ finds the claimant is not disabled under the five-step inquiry, then the claimant is not entitled to benefits and there is no need to proceed with the analysis. *Id.* If the ALJ finds a claimant disabled, then he or she should evaluate whether the claimant would still be disabled if the claimant stopped using alcohol or drugs.

The ALJ properly noted plaintiff's substance abuse and determined that she was not disabled. Plaintiff points to the ALJ's comment that "[T]hese reports show that any disabling psychiatric condition was due to substance abuse lasting for less than 12 months." Tr. 31.

/ /

/ /

/ /

/ /

Plaintiff has the burden to establish the existence of a severe impairment that prevented her from performing substantial gainful activity, and that it lasted for twelve months. *Tidwell v. Apfel,* 161 F3d 599, 601 (9th Cir 1999). The evidence does not indicate that plaintiff had a substantial psychiatric impairment during the 12 months prior to her date last insured, December 31, 1996. She received counseling from July 1993 through June 1994 for a diagnosis of post-traumatic stress disorder, panic disorder with agoraphobia, bipolar disorder, and borderline personality disorder, but her counselors agreed that plaintiff had no severe limitations of daily living, and no severe deficiency of concentration, persistence or pace. Tr. 352. Her counselors asserted that plaintiff was "not a 'markedly incapacitated individual' due to psychological reasons," and that she was capable of employment. *Id.*

Plaintiff complained of depression in March 1996, after separating from her boyfriend, and was given 20 .5 milligram xanax. Tr. 584. She did not complain of depression or any other mental health issue again until November 1997, well after her date last insured and despite the fact that she saw medical care providers dozens of times for her physical complaints.

The ALJ's decision is supported by substantial evidence.

## RECOMMENDATION

The findings of the Commissioner are based upon substantial evidence in the record and upon the correct legal standards, and therefore the decision of the Commissioner should be affirmed and Judgment should be entered.

/ /

/ /

/ /

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District

Judge for review. Objections, if any, are due June __, 2009. If no objections are filed, review of

the Findings and Recommendation will go under advisement on that date. If objections are filed

a response to the objections is due June __, 2009, and the review of the Findings and

Recommendation will go under advisement on that date.

Dated this _1_ day of June, 2009.

_____
Thomas M. Coffin
United States Magistrate Judge

9 - FINDINGS AND RECOMMENDATION